SUAREZ, J.
Andres A. Herrera challenges the trial court’s summary denial of his Florida Rule of Criminal Procedure 3.800(a) motion for credit for jail and prison time served filed in the trial court in September 2008, and ruled on by the trial court on September 25, 2008.[1]
On appeal, this Court must reverse unless the records attached to the trial court’s order conclusively demonstrate that the defendant is not entitled to the requested relief. See Langdon v. State, 947 So.2d 460, 460-61 (Fla. 3d DCA 2006) (reversing the summary denial of the defendant’s 3.800(a) motion because the trial court “did not attach to its order portions of the transcript conclusively demonstrating that the defendant waived entitlement to credit for time served in prison”). Because the record before us fails to make the required showing, we reverse the trial court’s order and remand for further proceedings. Should the trial court again enter an order summarily denying the motion, the court shall attach record excerpts conclusively showing that the appellant is not entitled to any relief.
Reversed and remanded for further proceedings.

. Defendant has filed with this Court, on December 5, 2008, another appeal to allow additional credit for time served. We do not address that appeal in this opinion as the issue raised in that notice of appeal does not appear to have been raised in the trial court.